IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-00716-CMA

DONALD P. KILINSKI, on behalf of
ROSEMARY A. KILINSKI (Deceased),

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner, Social Security Administration,

    Defendant.

---

## ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE'S DECISION

---

This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Rosemary A. Kilinski challenges the final decision of Defendant, the Commissioner of Social Security, who partially denied her application for social security disability benefits. *See* 42 U.S.C. §§ 401-33 and 1381-83.

### I.  BACKGROUND

Plaintiff was born on May 6, 1942.[1] On October 24, 2003, she filed an application for disability insurance benefits, alleging disability as of either October 2003 or December 1, 1999.[2] She claimed disability due to liver and ovarian cancer, cancer

---

[1] Plaintiff died on June 3, 2009. Her surviving spouse, Donald P. Kilinski, was substituted as plaintiff on July 21, 2009. (Doc. # 9.) Nevertheless, the term "Plaintiff," as used in this order, refers to the original plaintiff, Rosemary A. Kilinski.

[2] (Administrative Record "R." at 43, 79.)

treatment, and a weakened immune system. She had two years of college and past relevant work as a technical writer.

Plaintiff's application was partially granted on November 19, 2003. She was found disabled as of October 1, 2003, when her cancer recurred, but not as of December 1, 1999, when it first appeared.[3] On September 10, 2004, Plaintiff's claim was heard by an Administrative Law Judge (ALJ).[4] Plaintiff, her husband, and a vocational expert (VE), Bruce Magnuson, all testified at the hearing.

On March 16, 2005, the ALJ issued a Partially Favorable Decision in accordance with the Commissioner's five-step sequential evaluation process.[5] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 1999. At steps two and three, he found that prior to October 1, 2003, Plaintiff had a severe history of ovarian cancer, but did not have an impairment or combination of impairments listed in, or medically equal to any of the impairments listed in the social security regulations. At step four, the ALJ found that before October 1, 2003, Plaintiff had the residual functional capacity (RFC) for lifting up to ten pounds. She could

---

[3] (*Id.* at 32-33.)

[4] (*Id.* at 22-28.)

[5] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); 20 C.F.R. §§ 404.1520 and 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

frequently sit and occasionally stand and walk. She could push and pull within the exertional range specified. Given this RFC, the ALJ found that before October 1, 2003, Plaintiff could perform her past relevant work as a technical writer.[6] Accordingly, the ALJ found that Plaintiff was disabled as of October 1, 2003, but not before that date.[7] The Appeals Council denied her request for review on February 5, 2009.[8] Plaintiff then filed this action seeking review of the Commissioner's decision.

## II. DISCUSSION

### A. STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) "On the other hand, if the ALJ failed

---

[6] (R at 20.)

[7] (*Id.*)

[8] (*Id.* at 5-7.)

3

to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

**B.    ANALYSIS**

Plaintiff argues the ALJ erred: (1) by failing to properly evaluate the opinions of her treating physicians, (2) by failing to properly evaluate her subjective complaints and credibility in determining her RFC, and (3) by failing to consider all of her impairments in in assessing her RFC.

1.    <u>Plaintiff's Treating Physician</u>

Plaintiff first argues the ALJ failed to give proper weight to the opinions of her treating physicians. To determine what weight to give a treating physician's opinion, the ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (citation omitted); 20 C.F.R. § 404.1527(d)(2). After considering these factors, the ALJ must "give good reasons" for the weight he gives an opinion. *Id.* If he decides to give it no weight, *i.e.*, he rejects it completely, the ALJ must then give "specific, legitimate reasons" for doing so. *Id.*

The ALJ rejected an opinion of Dr. A. Marie Davidson, Plaintiff's treating physician. The at-issue opinion was not given in the normal course of treatment; rather,

4

Dr. Davidson's opinion was given in response to a letter from Plaintiff's counsel which posed four questions to Dr. Davidson. Two of them asked whether Plaintiff had suffered from fatigue and difficulties with concentration from May 2000 (when Plaintiff stopped chemotherapy) to the "present."[9] Dr. Davidson answered yes to both. Dr. Davidson concluded that it would have been physically and mentally impossible, as well as detrimental to Plaintiff's health, for Plaintiff to work 8 hours per day, 5 days per week, on a sustained basis at anytime since December 1999.[10] The ALJ rejected this opinion because he found it was not well supported by clinical evidence and was inconsistent and actually refuted by the clinical record accumulated prior to October 2003.[11]

The record supports this explanation. Although the ALJ failed to identify evidence that specifically "refuted" Dr. Davidson's September 2004 opinion, he did identify evidence that was inconsistent with the opinion. The ALJ observed, for example, that Plaintiff was clinically stable, as shown by multiple imaging and blood studies.[12] He noted that Plaintiff's physical examinations were normal.[13] He also observed that Plaintiff was exercising and was able to walk her large dog.[14] Further,

---

[9] The "present" was September 2004. Plaintiff was found disabled as of October 2003 – when her cancer recurred. Thus, the period Dr. Davidson evaluated in these questions included almost a year during which Plaintiff's condition had deteriorated.

[10] (R. at 423-24.)

[11] (*Id.* at 18.)

[12] (*Id.* at 17-18, 195, 247, 261-264.)

[13] (*Id.*)

[14] (*Id.* at 17, 395-397.)

5

the ALJ noted that Plaintiff reported "good relief" from her depression while taking medication, *i.e.*, Effexor.[15] Moreover, Plaintiff *was* able to work to some extent, albeit part-time, as noted by the ALJ.[16] Finally, the Court notes that the issue of whether Plaintiff was able to work is an issue reserved to the Commissioner. *Ramirez v. Astrue*, 255 F. App'x 327, 333 (10th Cir. Nov. 20, 2007) (unpublished).

Although a treating physician's opinion on that issue must be considered, that opinion is neither dispositive nor entitled to controlling weight. *Castellano v. Secretary of Health and Human Services*, 26 F.3d 1027, 1029 (10th Cir. 1994); Soc. Sec. R. 96-5p, 1996 WL 374183, at *2 ("treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."). Accordingly, the Court finds the ALJ adequately considered Dr. Davidson's September 2004 opinion and he gave specific legitimate reasons for rejecting it.

2.  The ALJ's Credibility Determination

Plaintiff next argues that the ALJ erred by failing to properly evaluate her subjective complaints and credibility in determining her RFC.

"[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quoting *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)). Provided the ALJ links his credibility assessment to specific evidence in the

---

[15] (*Id.* at 18, 156, 163, 165, 273.)

[16] (*Id.* at 18, 88.)

record, his determination is entitled to substantial deference. *Id.* at 910; *see also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

It is true, as Plaintiff asserts, that the ALJ found Plaintiff's subjective complaints not fully credible.[17] The ALJ did, however, tie this finding with specific evidence in the record. For example, the ALJ observed that Plaintiff's own statements showed she did not consider herself precluded from all work activity until October 2003.[18] He also noted that, after the initial course of treatment, Plaintiff was able to exercise and walk a powerful dog. She was also able to return to light duty work, although she did not sustain it. Based on this and other evidence, he determined that Plaintiff could perform less demanding work – such as sedentary work.

In short, the Court finds that the ALJ's analysis of the objective medical findings and Plaintiff's own statements and actions form the necessary link between the evidence and the ALJ's credibility determination. Thus, the Court rejects Plaintiff's argument that the ALJ failed to properly evaluate Plaintiff's subjective complaints and credibility.

3. The ALJ's Step Four Findings

Plaintiff's final argument is that the ALJ's step four findings are not supported by substantial evidence. At step four, the ALJ found that, prior to October 1, 2003, Plaintiff retained the RFC for "lifting up to ten pounds. She could frequently sit and occasionally

---

[17] (*Id.* at 19.)

[18] (*Id.* at 19, 79.)

stand and walk. She could push within the exertional range specified."[19] Based on this RFC, he concluded Plaintiff could perform her past relevant work as a technical writer.

Plaintiff argues these findings are not supported by substantial evidence because the ALJ failed to consider all of Plaintiff's limitations, in particular, her thumb pain. Had he done so, she argues, he would have concluded that Plaintiff could not perform her past relevant work as a technical writer.

The record shows that Plaintiff was experiencing pain in her left thumb since at least 1995, when she was working as a training program manager.[20] Plaintiff testified at the hearing that she continued to have thumb pain.[21] She added that she could use a computer for an hour before her thumb pain required her to stop.[22] The VE also testified about Plaintiff's thumb pain explaining that, if Plaintiff could use her left hand for only one hour a day for activities such as keyboarding, Plaintiff would be unable to work as a technical writer.[23]

The ALJ, however did not find Plaintiff to be fully credible, as discussed above. Although the ALJ properly supported his assessment of Plaintiff's credibility, nevertheless, the ALJ erred in assessing Plaintiff's thumb pain. He stated that "[d]iagnostic studies . . . ordered by Dr. Blevins . . . were normal."[24] This was incorrect;

---

[19] (*Id.* at 20.)

[20] (*Id.* at 143-144)

[21] (*Id.* at 522.)

[22] (*Id.*)

[23] (*Id.* at 531.)

[24] (*Id.* at 17.)

8

the studies were not normal. The x-ray of Plaintiff's left thumb showed significant joint arthritis.[25] Despite this error, however, other evidence exists supporting the ALJ's conclusion that Plaintiff's thumb pain did not preclude her from performing her past relevant work as a technical writer. For example, as noted by the ALJ, Dr. Blevins did not prescribe any enduring physical limitations and did not suggest to Plaintiff that she could not work.[26] In addition, although the pain was significant, Plaintiff told Dr. Blevins that her thumb pain had increased only slightly over the past five years (from 1995 to 2000).[27] During that period, Plaintiff was able to work as a technical writer, despite the pain.[28] Thus, although perhaps not a preponderance, this evidence is substantial evidence in support of the ALJ's conclusion that Plaintiff's thumb pain did not preclude her from being able to perform her past relevant work. Accordingly, the Court concludes the ALJ committed harmless error when he misinterpreted Plaintiff's x-ray. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (holding that the principle of harmless error applies to Social Security disability cases).

---

[25] (*Id.* at 143.)

[26] (*Id.* at 17, 141-144.)

[27] (*Id.*)

[28] (*Id.* at 141-144, 88.)

## III. CONCLUSION

Based on the foregoing, the Court concludes the ALJ's denial of Plaintiff's applications for disability benefits is supported by substantial evidence and free of legal error. Accordingly, the Commissioner's decision is AFFIRMED.

DATED: September 29, 2010

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge