**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00716-CMA

DONALD P. KILINSKI, on behalf of
ROSEMARY A. KILINSKI (Deceased),

   Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner, Social Security Administration,

   Defendant.

---

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

---

This matter is before the Court on Plaintiff's "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ["EAJA"]."[1] (Doc. # 34.) For the reasons discussed below, the motion is granted.

**I. BACKGROUND**

The facts and procedural history of this case are set out at length in: the Administrative Record (*see* Doc. # 6); this Court's "Order Affirming Administrative Law Judge's Decision" (Doc. # 22); and the Tenth Circuit's "Order and Judgment," which reversed this Court's holding (Doc. # 29). After issuance of the Tenth Circuit's mandate (Doc. # 30), this Court remanded the case to Defendant, the Commissioner of Social

---

[1] Rosemary A. Kilinski died in 2009, and her husband, Donald P. Kilinski was substituted as Plaintiff, pursuant to 42 U.S.C. § 404(d)(1). However, because Ms. Kilinski was the claimant in the administrative proceedings, the Court refers to her here as "Plaintiff."

Security (*see* Doc. # 31).  Thereafter, Plaintiff filed the instant motion.[2]  (Doc. # 34.) Plaintiff requests $18,242 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.[3] (*See* Docs. ## 34; 35; and 37.)

## II. DISCUSSION

### A.   WHETHER DEFENDANT'S POSITION WAS SUBSTANTIALLY JUSTIFIED

Under the EAJA, a party that prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  As many cases indicate, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), she is a prevailing party for purposes of the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  Further, Defendant does not assert any special circumstances that would make an award of fees unjust.

The Commissioner bears the burden of demonstrating that his position was substantially justified – a test that, in this Circuit, "means his position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person."  *Harrold v. Astrue*, 372 F. Appx. 903, 904 (10th Cir. 2010) (unpublished)

---

[2]  After Plaintiff's motion was fully briefed, Defendant, through the Appeals Council, issued a "Notice of Appeals Council Decision Fully Favorable" which, as the title of the notice suggests, resulted in a decision fully favorable to Plaintiff.  (Doc. # 38-1.)

[3]  As discussed, *infra*, Plaintiff initially requested greater compensation but later reduced the number of hours for which she seeks payment.

(internal quotation marks and citations omitted).  "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified."  *Id.*

In the instant case, a review of the Tenth Circuit's "Order and Judgment" illustrates why Defendant's position was not substantially justified.  (*See* Doc. # 29.)  The Tenth Circuit's disposition of the case turns primarily on the assessment of Plaintiff's Residual Functional Capacity ("RFC") performed by the Administrative Law Judge ("ALJ").  As the Order and Judgment indicates, the ALJ's RFC assessment was not supported by substantial evidence with regard to Plaintiff's left thumb pain and the lack of a "manipulative functions" evaluation.  (*See* Doc. # 29 at 6–8.)  Further, the Tenth Circuit held that Defendant's position was beset with several legal errors.  For example:

- Defendant improperly advanced post-hoc rationalizations to support the ALJ's decision, even though such reasons were not apparent from the ALJ's decision.  (*Id.* at 6–7 (citing *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (noting that post-hoc rationales are improper because they "usurp[] the agency's function of weighing and balancing the evidence in the first instance").)

- The ALJ's error in evaluating Plaintiff's thumb pain could not have been harmless error, contrary to the arguments Defendant raised.  (*Id.* at 7 ("if the ALJ had recognized the objective medical evidence showing significant joint arthritis and the physician's notation of fairly significant tenderness and a prescription for a

hand-based splint, he may have found credible [Plaintiff's] testimony that she could not use a keyboard for more than an hour a day").)

- The ALJ failed to explain his reasons for the RFC findings regarding Plaintiff's abilities to sit, walk, and push/pull, in contravention of the principle that "administrative agencies must give reasons for their decisions." (*Id.* at 8–9 (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).)

- The ALJ erred in not evaluating the effects of fatigue and loss of exertional strength on Plaintiff's RFC. (*Id.* at 9 (citing *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (ALJ must consider limiting effects of all impairments, including those not found disabling at step two)).)

- No findings were made by the ALJ on whether Plaintiff could sustain work-like activities for eight hours a day, five days a week. (*Id.* at 10 (citing SSR 96-8p ("Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.")).)

- The ALJ failed to decide if Plaintiff could hold a job for a significant period of time given her impairments. (*Id.* (citing *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) ("A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that [she] can physically perform certain jobs; it also requires

> a determination that the claimant can *hold* whatever job [she] finds for a significant period of time.")).)

- The ALJ failed to compare Plaintiff's prior work with her capabilities, despite the precept that "an ALJ must determine the physical and mental demands of the claimant's past relevant work, followed by an assessment of whether the claimant has the ability to meet the job demands notwithstanding her physical and mental limitations." (*Id.* at 12–13.)

These multiple errors convince the Court that Defendant's position was not reasonable in law and in fact and, thus, not substantially justified. *See Harrold*, 372 F. Appx. at 904.

Defendant's arguments to the contrary are unavailing. To begin with, Defendant argues that because this Court affirmed the ALJ's decision it necessarily follows that "reasonable persons not only *could* disagree as to the outcome, but in fact *did* disagree as to the outcome." (Doc. # 36 at 6.) However, as flattering as this argument may be, it fails to convince the Court that the legal principles identified by the Tenth Circuit – which were ignored or neglected by the ALJ – are so novel or complex that lack of adherence to them can be deemed reasonable. Moreover, that this Court agreed with Defendant's arguments on the merits does not mean that Defendant's position was substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) ("the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified"). Nor is Defendant saved by pointing the Court to reasonable arguments it made in defense of the ALJ's decision, since under the "EAJA fees

generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) (internal quotation marks and citation omitted).

Further, the Court declines Defendant's invitation to, essentially, reverse the Tenth Circuit *sub silentio*. Defendant asserts that, "[n]otwithstanding the Tenth Circuit's holding, the Commissioner is still of the believe [*sic*] that the ALJ did not commit reversible error" (Doc. # 36 at 7) and that certain evidence, which did not persuade the Tenth Circuit of Defendant's position, "should be deemed substantial evidence" in favor of the ALJ's decision (*id.* at 10). The Tenth Circuit's decision on the merits is binding and authoritative; as such, Defendant's beliefs to the contrary are immaterial. Additionally, Defendant, through the Appeals Council, has acknowledged the Tenth Circuit's decision and has, accordingly, issued a decision fully favorable to Plaintiff. (*See* Doc. # 38-1.) Further, as Defendant recognizes, the standard for determining whether the Government's position is substantially justified under the EAJA differs from the substantial evidence standard required by the Social Security Act. (*See* Doc. # 36 at 2.) Thus, Defendant's attempt to re-litigate the substantial evidence question is unavailing. Accordingly, Defendant's position was not substantially justified.

**B.    REASONABLENESS OF THE FEE REQUEST**

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of her fee request. As previously indicated, Plaintiff

seeks $18,242 in fees.  (*See* Doc. ## 34; 35; and 37.)  This amount is calculated as: 93.75 hours of attorney time at $177/hour and 17.35 hours of paralegal time at $95/hour.[4]  (*Id.*)

Defendant does not dispute the hourly rates or the amount of paralegal time for which Plaintiff seeks compensation.  (*See* Doc. # 36 at 12–14.)  Instead, Defendant argues that "the number of attorney hours that counsel expended was not reasonable."  (*Id.* at 12.)  Specifically, Defendant takes issue with the 55.5 hours Plaintiff's counsel says she spent drafting the opening and reply briefs before the Tenth Circuit.  (*Id.* at 13.)  In reply, and "[i]n the exercise of caution," Plaintiff reduced the "amount of hours for preparing the Opening Brief before the Tenth Circuit by 10 hours."[5]  (Doc. # 37 at 11.)  Accordingly, the question before the Court is whether 38.55 hours was a reasonable amount of time for counsel to have spent drafting the opening brief before the Tenth Circuit.[6]  *See, e.g., Brodeur v. Astrue*, No. 09-cv-00045, 2010 WL 4038611, at *4 (D. Colo. Oct. 14, 2010) (unpublished) (noting that the fees question hinges on whether the hours spent representing the plaintiff were "reasonably expended").  Based

---

[4]  Plaintiff mistakenly lists the amount of attorney time as 90.75 hours in the conclusion section of her reply.  (*See* Doc. # 37 at 11.)  However, as the math bears out, the correct number is 93.75.

[5]  The 93.75 hours of attorney time referenced above reflects this reduction – and includes 3.5 hours for preparing the reply to the instant motion.  (*See* Doc. # 37 at 11.)

[6]  Of the 55.5 hours Defendant takes issue with, Plaintiff states that 48.55 of them were spent drafting the opening brief.  (Doc. # 37 at 8.)  In light of the 10-hour reduction mentioned in the text above, the relevant figure is 38.55 hours.  Regarding the 6.95 hours needed for the reply brief on the merits, the Court finds such time reasonably spent.

on the history of this case, the Court determines that such an amount of time was reasonable.

Plaintiff's counsel represented her at the administrative hearing in this matter, which took place in September 2004. Due to an extensive delay at the Appeals Council, Plaintiff's complaint was not filed in this Court until March 2009, and her opening brief was not submitted to the Tenth Circuit until January 2011. In light of such a span of time, the Court agrees with Plaintiff that her counsel "needed to review the record carefully even though she had represented [Plaintiff] before the agency at hearing . . . ." (Doc. # 37 at 9.) Further, the amount of time Plaintiff spent drafting the opening brief before the Tenth Circuit appears reasonable when compared to the total amount of time litigants often spend prosecuting a successful social security appeal before the district court. *See Brodeur*, 2010 WL 4038611, at *4 (finding 46.09 hours "well within the accepted range of hours required to prosecute a successful social security appeal"); *Calrson v. Astrue*, 500 F. Supp. 2d 1174, 1177 (S.D. Iowa 2007) (finding 53.25 hours reasonable); *Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (45.5 hours not excessive); *Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (finding reasonable 48.2 hours before district court). Although not a perfect comparison, taking a case to the Tenth Circuit effectively amounts to a second appeal and, accordingly, it seems reasonable to the Court for the amount of fees generated before the Tenth Circuit to roughly reflect the amount of fees before the district court. Such a determination appears particularly apt here, in light of the

successful resolution to this long-standing case achieved by Plaintiff before the Tenth Circuit. *See, e.g., Palmer*, 227 F. Supp. 2d at 978 (approving of 73.8 hours spent by Social Security claimant on appeal before the Seventh Circuit, especially "given the fine result achieved").

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" (Doc. # 34) is GRANTED. Accordingly, it is

FURTHER ORDERED that Defendant remit attorney's fees in the amount of $18,242, payable to substituted Plaintiff, Donald P. Kilinski, and mailed to counsel of record. It is

FURTHER ORDERED that "Plaintiff's Opposed Motion to Supplement Record" (Doc. # 38) is GRANTED, and the record is hereby SUPPLEMENTED to include the "Notice of Appeals Council Decision Fully Favorable" (Doc. # 38-1), which is accepted as filed.

DATED: October  30 , 2012

BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge